UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| V. | § | NO.1:17-CR-00187-SS |
| STEVEN BOEHLE | § | |

**DEFENDANT'S MOTION TO SUPPRESSTHE SEARCH OF, AND EVIDENCE SEIZED FROM AUSTIN SELF STORAGE UNIT 106, LOCATED AT 1409 WEST OLTORF; AND THE SEARCH OF AND EVIDENCE SEIZED FROM LG TRACFONE WITH THE PHONE NUMBER 5127757860 MEID 270113184105482568**

TO THE HONORABLE SAM SPARKS:

The above referenced storage locker and cell phone were searched pursuant to a warrant. The affidavit submitted to obtain the warrant did not state probable cause. The affiant made statements in the affidavit that were necessary to the requisite showing, were false, and were proffered with reckless disregard for the truth. In light of the foregoing, the warrant was obtained in violation of Boehle's Fourth Amendment rights, and the evidence must be suppressed.

The Storage Locker

It is difficult to discern why the government felt it was justified in attempting to search the storage locker. No effort is made to even allege facts that would tend to demonstrate a nexus between the storage locker and criminal activity. Certainly the government did not expect to find the firearm Mr. Boehle purchased in 2002 and then returned at the government's request. Likewise, it

would not expect to find the two firearms Mr. Boehle did not purchase in 2015 and 2016 respectively.

The government has thus far accused Mr. Boehle of lying about his criminal history to buy a firearm and attempting to buy a firearm knowing that he had a criminal history that disqualified him from being eligible to purchase a firearm. Neither of these allegations has proven correct. They both rely for their foundation on the notion that Boehle had been convicted of a misdemeanor domestic violence offense. But that is wrong, as has been clearly explained in Mr. Boehle's Legal Memorandum Regarding Probable Cause. Of particular concern is the manner in which the affiant cleverly shades the truth in her affidavit to avoid revealing that the government lacked any basis in fact or in law to characterize Mr. Boehle as being ineligible to possess firearms.

Beginning in paragraph 7, the affiant reports requesting but not receiving conviction records. She then reports that NICS provided documentation that the 1993 conviction for assault was a conviction for a misdemeanor crime of domestic violence. Any sensible reader of this assertion would infer that Boehle had a conviction for domestic violence; and a credible government agency had verified that fact.. In truth and in fact, Mr. Boehle had not been convicted as alleged. NICS was wrong to have ever denied Boehle the right to purchase firearms and by doing so, it violated his Second Amendment rights. Now a

different government agency has used the misinformation wrongly reported by NICS to jusify the violation of Mr. Boehle's Fourth Amendment rights.

In paragraph 10, the affiant artfully asserts, "Based upon the 1993 misdemeanor conviction in Connecticut, Boehle met the federal standards (Misdemeanor Crime of Domestic Violence Conviction under NICS for denial of purchase." The affiant's manipulative dance around the truth-- that the government lacked evidence of the conviction, and that the offense of conviction would not in fact be disqualifying, evinces a reckless disregard for the truth.

In paragraph 12, referencing a 2002 transaction, and perhaps emboldened by her previous averments, the affiant falsely alleged that Boehle met the federal standards for denial of purchase.  In truth, fact, and in law he did not. The government had ample time to determine that this was not true. The fact that it did not demonstrates at least reckless disregard for the truth.

Paragraph 14 incorporates and relies upon the fruit of an unlawful search that must be disregarded.

Paragraph 19 is devoid of any basis in fact to justify the search of the phone.

The affidavit does not establish probable cause to search either the phone or the storage locker.

The Court should suppress these searches and their fruit.

                                    Respectfully submitted,

/s/DAPHNE PATTISON SILVERMAN

Daphne Pattison Silverman
Silverman Law Group
501 N. IH-35
Austin, TX 78702
512-485-3003
Fax: 512-597-1658
daphnesilverman@gmail.com

## CERTIFICATE OF CONFERENCE

On the morning of June 12, counsel called government counsel regarding this motion, but counsel has heard back from government counsel.

## CERTIFICATE OF SERVICE

On the above date a copy of the foregoing was sent to the all parties of record via electronic filing.

/s/Daphne Pattison Silverman
DAPHNE PATTISON SILVERMAN
